

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 27, 2025

By ECF
Honorable Lewis J. Liman
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:  *Weise v. U.S. Department of State*, No. 24 Civ. 5760 (LJL)

Dear Judge Liman:

This Office represents the Government in this action on which the plaintiff, who is proceeding *pro se*, seeks an order compelling the U.S. Department of State ("State Department") to grant his application for a U.S. passport and for monetary damages for failure of the State Department to grant the application.

Pursuant to Rule 2.H and Attachment A of this Court's Individual Rules, the Government respectfully seeks leave to file a redacted version of the certified administrative record on the public docket in this case. The administrative record contains sensitive information regarding State Department's internal processes concerning alerts, codes controlling dissemination of internal documents, information about internal Department web pages, and identities of third parties, including current and former State Department employees and other Federal employees, which in some cases includes their identification numbers.

The Government respectfully submits that the limited redactions of this protected and sensitive information—none of which is relevant or material to any claim or argument in this case—is appropriate and warranted here.  While judicial documents are accorded a presumption of public access, *see, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1); *see also, e.g.*, *Lugosch*, 435 F.3d at 119-20 (discussing three part test). "[T]he presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights—conduct at the heart of Article III.'" *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (citation omitted).

But information such as the names and other identifying information of low-level federal employees is "largely unrelated to the public interest" and may properly be withheld.  *In re Savitt/Adler Litigation*, No. 95 Civ. 1842 (RSP)(DRH), 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997); *see also id.* ("[T]he public can assess the Attorney General's actions without the names of the individual AAGs."); *Kelly v. City of New York*, No. 01 Civ. 8906 (AGS)(DF), 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) ("[T]he public can assess the City's actions in discharging

Plaintiffs without the names of the individual employees."). "[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names." *Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993), *abrogated on other grounds by Milner v. Dep't of Navy*, 562 U.S. 562 (2011); *see also Long v. OPM*, 692 F.3d 185, 196 (2d Cir. 2012) ("Redaction of names goes a long way toward protecting against surveillance and publicity those things that are generally treated as nobody else's business."); *Republic of Turkey v. Christie's Inc.*, No. 17 Civ. 3086 (AJN), 2020 WL 7338074, at *1 (S.D.N.Y. Sept. 11, 2020) ("Specifically, for the redacted portions, the parties' and third parties' privacy interests outweigh the 'value of such information to those monitoring the federal courts.'"). Thus, any presumption of public access to the names of third parties (i.e., low-level current or former federal employees), is outweighed by those individuals' significant privacy interests. So too is any presumption of access outweighed in the case of sensitive information regarding State Department's internal processes concerning alerts, codes controlling dissemination of internal documents, and URLs of internal Department databases. In the FOIA context, courts frequently find similar information to be exempt and subject to redactions. *See, e.g.*, *Gonzalez v. USCIS*, 475 F. Supp. 3d 334, 351-52 (S.D.N.Y. 2020) ("Courts frequently find that . . . personally identifiable information pertaining to Government agents and third parties as well as case event codes and URLs of internal law enforcement databases, is properly withheld[.]" (citing cases)).

In short, the Government's redactions are limited and narrowly tailored to address privacy interests of third parties and to protect sensitive internal Department information, none of which is material to the issues in this case, and none of which will impair the Court's assessment of this case. Accordingly, the Government respectfully requests that the Court grant this request.

I thank the Court for consideration of this submission.

Respectfully,

MATTHEW PODOLSKY
Acting United States Attorney

/s/ Leslie A. Ramirez-Fisher
BY:    LESLIE A. RAMIREZ-FISHER
Assistant U.S. Attorney
Telephone: (212) 637-0378
Fax: (212) 637-2750

cc: Wolfgang Weise, Plaintiff *Pro Se* (regular mail and email)