```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
WOLFGANG WEISE,                                                  :
                                                                 :
                                Plaintiff,                       :
                                                                 :         24-cv-5760 (LJL)
               -v-                                               :
                                                                 :         ORDER
U.S. DEPARTMENT OF STATE,                                        :
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff Wolfgang Weise, who is self-represented, applies to the Court for appointment of pro bono counsel. Dkt. No. 44. In support of his request, he cites language challenges, a disability, and difficulties he has encountered locating pro bono counsel on his own. In his complaint, Plaintiff alleges that the State Department has failed to issue him a United States passport resulting in reputational, emotional, and psychological damage and trauma. Dkt. No. 1 at 6. He seeks monetary compensation. *Id.*

The Second Circuit has provided the following guidance for courts in determining whether to appoint pro bono counsel:

> In deciding whether to appoint counsel . . . the district judge should first determine whether the [plaintiff's] position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the [plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the [plaintiff's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

The first threshold factor has not been met, as it does not appear that Plaintiff's position

is "likely to be of substance." For the reasons stated in the Government's memorandum of law in support of its motion for summary judgment, it appears that the denial of the request for a new passport was proper, that Plaintiff has no direct remedies under the United States Constitution based on the *Bivens* doctrine, and that his claim under the Federal Tort Claims Act (to the extent he wishes to plead one) would be barred by his failure to exhaust administrative remedies.

The Court has pending before it the Government's motion for summary judgment, *see* Dkt. Nos. 36–37, and Plaintiff's motion to transfer venue to the United States District Court for the District of Columbia, *see* Dkt. No. 47. Plaintiff is already in default in his response to the Government's motion for summary judgment, meaning he has failed to respond to the Government's motion in a timely manner. The Court will grant him until December 1, 2025, to respond to that motion, and the Government shall reply by December 15, 2025. The Court has attached to this Order a notice for Plaintiff regarding the motion for summary judgment.

The Government shall respond to the request to transfer venue no later than December 1, 2025, and Plaintiff shall reply to that response by no later than December 15, 2025.

Plaintiff is advised that that there is a Pro Se Law Clinic available to assist unrepresented parties in civil cases. The Clinic may be able to provide advice in connection with this case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood

Marshall Courthouse are available Monday through Thursday, 10:00 AM to 4:00 PM.

Appointments are also available remotely Monday through Friday, 10:00 A.M. to 4:00 P.M.

The Clerk of Court is respectfully directed to close Dkt. No. 44.

SO ORDERED.

Dated: November 5, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

**NOTICE TO PRO SE LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT**

The defendant in this case has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  <u>THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME</u> by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1.  The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached below.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying on the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim.  If you have proof of your claim, now is the time to submit it.  Any witness statements must be in the form of affidavits.  An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial.  You may submit your own affidavit and/or the affidavits of others.  You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

**Federal Rule of Civil Procedure 56. Summary Judgment**

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

>    (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>>        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>>        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>    (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>    (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
>    (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>    (1) defer considering the motion or deny it;
>
>    (2) allow time to obtain affidavits or declarations or to take discovery; or

   (3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) , the court may:

   (1) give an opportunity to properly support or address the fact;

   (2) consider the fact undisputed for purposes of the motion;

   (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

   (4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

   (1) grant summary judgment for a nonmovant;

   (2) grant the motion on grounds not raised by a party; or

   (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Unless the court orders otherwise, on motion or on its own, any motion for summary judgment under Fed. R. Civ. P. 56 must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion. This rule does not apply to claims brought under the Administrative Procedure Act or the Freedom of Information Act.

(b) The papers opposing a motion for summary judgment must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).

(e) In any case where all parties are represented by counsel, any party moving for summary judgment must provide all other parties with an electronic copy, in a standard word processing format, of the moving party's Statement of Material Facts. In any case where all parties are represented by counsel, the counterstatement required by this rule must include each entry in the moving party's statement and set out the opposing party's response directly beneath it.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*