UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLFGANG WEISE, <br><br>                           Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br>                           Defendant. | No. 24 Civ. Civ. 5760 (LJL) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel:  (212) 637-0378
E-mail: leslie.ramirez-fisher@usdoj.gov

LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
– Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................... 1

I. Judicial Proceedings and Relevant Facts ...................................................................... 1

LEGAL STANDARDS ........................................................................................................... 2

I. Venue ............................................................................................................................ 2

II. District Court's Discretion to Transfer Venue ............................................................. 3

III. This Court Should Deny Plaintiff's Request to Transfer Venue ................................ 4

CONCLUSION ....................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

Cases

*American Empire Surplus Lines Insurance Company v. J.R. Contracting & Environmental Consulting, Inc.*,
 No. 23 Civ. 4942 (AT), 2023 WL 8650266 (S.D.N.Y. Dec. 14, 2023) .................................. 3, 4
*Bivens v. Six Unknown Fed. Narcotics Agents*,
 403 U.S. 388 (1971) ........................................................................................................... 3
*Florida Power & Light Co. v. Lorion*,
 470 U.S. 729 (1985) ........................................................................................................... 4
*Hammer v. Town of Bedford of New York*,
 No. 23 Civ. 2618 (CS) 2025 WL 1558525 (S.D.N.Y. Jun. 2, 2025) ......................................... 5
*N-N v. Mayorkas*,
 540 F. Supp. 3d 240 (S.D.N.Y. 2021) ............................................................................. 3, 4
*Reeves v. U.S. Dep't of Justice*,
 No. 25 Civ. 3405, 2025 WL 1640820 (S.D.N.Y. May 14, 2025) ............................................ 4
*Starr Indemnity & Liability Company v. Brightstar Corp.*,
 324 F. Supp. 3d 421 (S.D.N.Y. 2018) .................................................................................. 6

Statutes

28 U.S.C. § 1391(e) ................................................................................................................ 2
28 U.S.C. § 1391(e)(1) ............................................................................................................ 3
28 U.S.C. § 1404(a) ................................................................................................................ 3

Rules

Fed. R. Civ. P. 12(b)(1), 12(b)(6) ............................................................................................ 2
Fed. R. Civ. P. 56 ................................................................................................................... 2

Defendant the United States Department of State ("State Department"), by its attorney Jay Clayton, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to Plaintiff's request to transfer venue to the District of Columbia. Dkt. No. 47.

## PRELIMINARY STATEMENT

Plaintiff *pro se* commenced this action challenging the State Department's revocation of his U.S. passport. Dkt. No. 1. In April 2025, the government filed a motion for summary judgment and to dismiss, to which Plaintiff has not yet responded. Instead, in May 2025, Plaintiff filed a letter requesting the Court to transfer his case to the U.S. District Court for the District of Columbia. This Court should exercise its discretion to deny Plaintiff's request for transfer of venue. The bases for the request, pertaining to Plaintiff's plan to pursue a criminal case, his dissatisfaction with these proceedings, a plan to move to Washington, D.C., and a purported appointment to a position by President Trump are irrelevant to question of venue, and otherwise unsubstantiated and fanciful. As such, Plaintiff has failed to meet his burden to provide clear and convincing evidence that transfer is appropriate.

## BACKGROUND

**I.    Judicial Proceedings and Relevant Facts**

Plaintiff resided at 143 W. 108th Street, in New York, New York, when he commenced this action on July 24, 2024, against the State Department. Dkt. No. 1. He complained of a decision of the State Department to revoke his passport and sought an award of money damages. *Id.* He did not amend the complaint, but in subsequent correspondence to the Court, he complained that the State Department failed to issue him a new passport. *See* Dkt. Nos. 5, 7-10, 14, 31. On March 27, 2025, the government filed the certified administrative record (A.R.) containing the

documents relating to Plaintiff's passport application in 2016 in his former name, revocation of his passport in 2023, his subsequent passport application in 2023 in his new name, and the State Department's denial of that application in 2024. Dkt. Nos. 34, 35. On April 10, 2025, the government moved for summary judgment under Fed. R. Civ. P. 56 and to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6). Dkt. Nos. 36, 37. Plaintiff did not respond to the motion papers, nor file an amended complaint by the respective deadlines set by the Court. *See* Dkt. No. 42.

In a letter to the Court filed on May 19, 2025, Plaintiff asked for the Court's assistance to "navigate" his case to the "Criminal Division of Columbus Court in Washington, D.C." No. 47. Plaintiff gave as reasons for the request that he is going to relocate to Washington, D.C., where he was going to be "appointed for [a] specific job in [Washington, D.C.] by approval of U.S. President Mr. Trump"; and because he has been unable to find a solution to his case or receive money damages from the State Department in this case in New York City. Dkt. No. 47.[1]

The decision to revoke Plaintiff's passport was issued on May 11, 2023, by the State Department, Bureau of Consular Affairs, Passport Services, Office of Adjudication, located in Washington D.C. A.R. 21-22.

## LEGAL STANDARDS

**I.     Venue**

Venue in a lawsuit brought under the Administrative Procedure Act is governed by 28 U.S.C. § 1391(e), which provides for those matters brought against an agency of the United States

---

[1] Plaintiff previously advised the Court on November 12, 2024, that he expected to be appointed to a job in the Trump Administration (Dkt. No. 11). On February 13, 2025, Plaintiff requested that his case be "reset" to a criminal court in Washington, D.C. (Dkt. No. 25), but on March 7, 2025, he asked the Court to "cancel navigation" of this case to Washington, D.C., due to a change in circumstance regarding his "residential place for this job. Dkt. No. 29.

venue lies:

> in any judicial district in which (A) a defendant in the action resides; (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1)[2]; *see N-N v. Mayorkas*, 540 F. Supp. 3d 240, 253 (S.D.N.Y. 2021).

## II.   District Court's Discretion to Transfer Venue

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *American Empire Surplus Lines Insurance Company v. J.R. Contracting & Environmental Consulting, Inc.*, No. 23 Civ. 4942 (AT), 2023 WL 8650266, at *1 (S.D.N.Y. Dec. 14, 2023) (quoting 28 U.S.C. § 1404(a)).  District courts enjoy "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Id.* (internal quotation marks and citation omitted).  "The party seeking transfer bears the burden of establishing by clear and convincing evidence that transfer is appropriate." *Id.*

To determine whether transfer is warranted, the district court first considers whether the case may have been brought in the transferee court.  *Id.*  If that threshold is met, then the court evaluates "both private interest factors that pertain to the effect of a transfer on those concerned with the specific dispute in question and public interest factors that relate to judicial economy and

---

[2] Venue under any purported claims under the Federal Tort Claims Act claim or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), are not a strong consideration here.  These questions were addressed in an abundance of caution in the government's opening brief only because Plaintiff made a request for money damages. Dkt. No. 1. However, Plaintiff did not name the United States as a Defendant in this suit, nor any federal official in his or her individual capacity.  Dkt. No. 1; *see* Dkt. No. 37, pp. 17-19.

3

systemic fairness." *N-N*, 540 F. Supp. at 253 (internal quotation marks and citations omitted). The court considers several factors relating to the convenience and the interest of justice:

> (1) the locus of the operative facts; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Id.* (citation omitted); *Reeves v. U.S. Dep't of Justice*, No. 25 Civ. 3405, 2025 WL 1640820, at *1 (S.D.N.Y. May 14, 2025) (same). There is no rigid formula for balancing these factors and no single one is determinative. *American Empire Surplus Lines Insurance Company*, 2023 WL 8650266, at *2 *Id.* Weighing the balance is an equitable task left to the Court's discretion. *Id.*

**III.   This Court Should Deny Plaintiff's Request to Transfer Venue**

Venue is proper within the Southern District of New York, because Plaintiff resides within this district. *See* Dkt. No. 1. Venue in the District of Columbia, would have been proper as well because a substantial part of the events giving rise to the claim, namely the decision to revoke Plaintiff's passport, occurred within the District of Columbia. *See* A.R. 21-22. Nonetheless, this Court should exercise its discretion to maintain venue within the Southern District of New York because no factor relevant to the consideration of transfer to the District of Columbia favors transfer. For example, the locus of operative facts is in Washington, D.C., where the revocation letter was issued. A.R. 21-22. But this case involves a challenge to agency action under the Administrative Procedure Act, in which an administrative record has already been prepared and filed with this Court. Dkt. No. 34-35; *see Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the court."). Accordingly, this

Court need not be concerned about conveniences of witnesses, location of relevant documents, or issues of unwilling witnesses.

At best, Plaintiff is seeking a transfer for his own convenience, the bases for which are irrelevant, unsubstantiated, and fanciful. Specifically, Plaintiff is seeking transfer to District of Columbia, where it appears he wishes to pursue this matter on a criminal basis. Dkt. 47. But this is a civil matter regarding the revocation of a U.S. passport and denial of a subsequent application to replace it. Further, Plaintiff claims that he has not been able obtain money damages from the State Department in this case in New York. Dkt. 47. But that this matter is still pending is irrelevant to consideration of venue. No purpose is served as a matter of convenience to either party or that would serve the interest of justice by transferring *this civil case* based on Plaintiff's expressed desire to pursue a criminal case in Washington, D.C., or his dissatisfaction with the pace of these proceedings.

Plaintiff's remaining reasons do not favor transfer of venue. First, his claims are unsubstantiated; he asserts only a "plan" to move to Washington, D.C., without submitting proof of his residence there, and he asserts he has been appointed to a position there without submitting proof of that appointment. Further the claim of the appointment is fanciful, and at best vague. Plaintiff asserts only that he has been appointed to a "specific job" by President Trump. Dkt. No. 47. These unsupported, vague, and fanciful assertions do not meet Plaintiff's burden to show by clear and convincing evidence that transfer is appropriate. *See*, *e.g.*, *Hammer v. Town of Bedford of New York*, No. 23 Civ. 2618 (CS) 2025 WL 1558525 (S.D.N.Y. Jun. 2, 2025) (denying motion to transfer venue where allegations of an appearance of impropriety were frivolous as they were based on unsubstantiated allegations of a connection between the presiding judge and defendants in the action and one other non-party).

Finally, the interests of justice would be best be served by maintaining venue within the Southern District of New York.  "[T]he farther along a case is in the litigation process, the less efficient a transfer would be." *Starr Indemnity & Liability Company v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018).  Here, the administrative record and moving papers filed with this Court, if granted, would be dispositive of the case.  Further, the Court is familiar with the issues raised having looked at the strength of Plaintiff's case in addressing his request for appointment of pro bono counsel.  Dkt. No. 49.  The advanced stage of the litigation, coupled with the Court's familiarity with the litigation, suggests transfer to a different venue would be inefficient.  *Id.*

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for a transfer of venue to the District of Columbia.

Dated: New York, New York
       December 1, 2025

                                                 Respectfully submitted,

                                                 JAY CLAYTON
                                                 United States Attorney for the
                                                 Southern District of New York,
                                                 *Attorney for Defendant*

By:    /s/ Leslie A. Ramirez-Fisher
          LESLIE A. RAMIREZ-FISHER
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, New York 10007
          Tel.: (212) 637-0378
          Email: leslie.ramirez-fisher@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 1,844 words.