UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                        :

WOLFGANG WEISE,                         :

                         Plaintiff,       :

                                            :       24-cv-5760 (LJL)

     -v-                                 :

                                          :        ORDER

U.S. DEPARTMENT OF STATE,         :

                                          :

                         Defendant.     :

                                          :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The Government moves for an order permitting it to file a redacted version of the certified administrative record on the public docket in this case. Dkt. No. 33. The Government seeks to redact the names of low level current and former employees of the United States Department of State and other federal employees (including their identification numbers) and other sensitive information regarding the internal processes of the State Department. *Id.* at 1. The motion is granted.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119.

"[A]ll documents submitted in connection with, and relevant to, such judicial decision-

making are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. In other words, "[t]he weight will be strongest when the documents will 'directly affect an adjudication' of the merits and weakest when they will 'play only a negligible role.'" *Pauwels v. Bank of N.Y. Mellon Corp.*, 2025 WL 41199, at *1 (S.D.N.Y. Jan. 7, 2025) (quoting *Lugosch*, 435 F.3d at 121). If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 67 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 13–14 (1986)). "Among the 'higher values' that courts have found sufficient to overcome the presumption of public access are protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices." *Lively v. Wayfarer Studios LLC*, 2026 WL 145483, at *2 (S.D.N.Y. Jan. 20, 2026) (internal quotation marks omitted) (quoting *Courthouse News Serv.*, 131 F.4th at 68–69).

The Court has reviewed the Government's proposed redactions. A large number of redactions are of the names of low-level federal employees. "[P]ublic servants retain some privacy interest in their names upon entering public service." *Austin Sanctuary Network v. United States Immigr. & Customs Enf't*, 2022 WL 4356732, at *29 (S.D.N.Y. Sept. 19, 2022)

(distinguishing in Freedom of Information Act context between low-level employees and high-level policymaking individuals); *see In re Savitt/Adler Litig.*, 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997) (Pooler, J.) (permitting redaction of names of State Assistant Attorneys General because the redaction was "minimal and largely unrelated to the public interest").  The remainder of the information sought to be revealed relates to sensitive internal processes of the State Department.  *See Application of The Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984) (court may seal materials that relate to "integrity of significant activities entitled to confidentiality"); *cf. Gonzalez v. U.S. Citizenship & Immigr. Servs.*, 475 F. Supp. 3d 334, 352 (S.D.N.Y. 2020) ("case event codes and URLs of internal law enforcement databases" may be withheld under FOIA).

The Government's motion is GRANTED.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 33.

SO ORDERED.

Dated: March 27, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3