**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WOLFGANG WEISE,

                  Plaintiff,

    v.

U.S. DEPARTMENT OF STATE,

                  Defendant.

No. 24-CV-5760 (LJL)

**STIPULATION AND**
**PROTECTIVE ORDER**

WHEREAS, on March 27, 2025, Defendant U.S. Department of State ("State Department" or Defendant, together with the Plaintiff "the Parties"), filed a letter motion to seal the certified administrative record ("CAR") (Dkt. No. 33), a sealed copy of the CAR with unapplied redactions (Dkt. No. 34), and a CAR with redactions (Dkt. No. 35);

WHEREAS, on March 28, 2025, Defendant served a copy of the redacted CAR on Wolfgang Weise ("Plaintiff"), who was then proceeding *pro se* (Dkt. No. 40);

WHEREAS, the Parties have agreed to the following terms of confidentiality, and the Court having found good cause exists for the issuance of an appropriately tailored Protective Order in accordance with the Privacy At, 5 U.S.C. § 552a(b), it is hereby,

ORDERED that the following restrictions and procedures shall apply to the information, data, documents contained in the CAR, an unredacted copy of which is now being provided to Plaintiff under the terms of this Stipulation and Protective Order.

1.      The Stipulation and Protective Order ("Protective Order") is agreed upon by Plaintiff and the State Department.  The Parties have conferred and submitted this jointly proposed Protective Order to the Court, which the Court hereby enters.

2.      Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes the State Department to produce information that otherwise would be prohibited from disclosure under

the Privacy Act, 5 U.S.C. § 552a, without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows disclosure of information pursuant to court order, this Protective Order constitutes such a court order and authorizes the disclosure of that information.

3.　　This Protective Order applies to the sensitive information regarding State Department's internal processes concerning alerts, codes controlling dissemination of internal documents, information about internal State Department web pages, and identities of third parties, including current and former State Department employees and other Federal employees, including their identification numbers ("protected information"), contained in the certified administrative record in this case.

4.　　Pursuant to this Protective Order, Defendant (and their contractors, agents, and employees) is hereby authorized to disclose to counsel for Plaintiff the protected information contained in the certified administrative record for purposes of the litigation of this action.

5.　　Pursuant to this Protective Order, the Parties are hereby ORDERED:

    a.　Not to release the protected information to the public or to anyone not directly involved in the litigation of this action; and

    b.　To use the protected information only for the purpose of litigating this action.

6.　　Pursuant to this Protective Order, the parties may disclose the protected information only to:

    a.　The United States, its agencies, and employees;

    b.　The attorneys of record for the parties and any support staff or other employees of the attorneys of record for parties who are assisting in the prosecution or defense of this action;

    c.   Plaintiff, who may only read the protected information in the presence of their attorney, but may not maintain, retain, keep, copy, or photograph the protected information; and

    d.   The Court and the Court's employees.

7.     The protected information shall not be filed or referenced in un-redacted format on the docket in this case.

8.     Plaintiff's counsel shall ensure that each person to whom he discloses the protected information, including Plaintiff, shall, prior to any such disclosure, read and understand this Protective Order, and acknowledge his or her agreement to be bound by this Protective Order.

9.     Neither Plaintiff, nor his attorneys, nor any individual to whom they have made disclosure, shall himself or herself make any further disclosure of the protected information.

10.    With the exception of the Court and the Court's employees, at the conclusion of this litigation, any person to whom the protected information has been disclosed pursuant to this Protective Order shall return any and all protected information to counsel for Defendant and shall certify in writing that the documents have been returned and any copies destroyed.

11.    Nothing in this Protective Order shall require production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

12.    This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

13.    In the event any Party inadvertently files protected information in un-redacted format on the docket in this case, that Party shall promptly seek leave from the Court to re-file

the relevant document, with the inadvertently disclosed protected information correctly redacted, and the inadvertently disclosed protected information subsequently will be subject to the terms of this Protective Order notwithstanding its previous inadvertent disclosure.

14.     Nothing in this Order shall prevent the disclosure of protected information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

15.     Any violation of this Protective Order may be punished by appropriate measures, including, without limitation, contempt proceedings and/or money sanctions.

15.     This Protective Order shall remain in force even after the termination of this case.

SO STIPULATED AND AGREED TO BY:

Dated: June  9, 2026
          New York, New York

Dated:  June 8, 2026
            New York, New York


THE ATLANTIC FOUNDATION

By: _____
      SAMI ELAMAD, ESQ.
      P.O. Box 69
      New York, New York 10163
      Tel.: (646) 685-3954
      sami@the-atlantic-foundation.org
      *Counsel for Plaintiff*

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____
      Leslie A. Ramirez-Fisher
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.:   (212) 637-0378
      leslie.ramirez-fisher@usdoj.gov
      *Counsel for Defendant*


**SO ORDERED**.

_____
HON. LEWIS J. LIMAN
June 11, 2026


Any party may move to modify the Protective Order upon good cause.  This Order shall not be interpreted to limit the public's right of access to information filed with the Court under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

4