UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLFGANG WEISE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF STATE,<br>Defendant. | No. 24 Civ. Civ. 5760 (LJL) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

JAMES M. MCDONALD
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-0378
E-mail: leslie.ramirez-fisher@usdoj.gov

LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................1

I. The State Department's Denial of Plaintiff's
Passport Application Withstands APA Scrutiny ........................................................................1

II. The Promissory Note Establishes Plaintiff's Promise to Repay the Debt ..................................6

III. The Notices Did Not Violate Plaintiff's Due Process Rights ...................................................6

CONCLUSION ...................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

Cases

*Cap. Source, LLC v. Goldner Cap. Mgmt.*,
No. 24-cv-6284 (OEM) (JAM), 2026 WL 1694672 (E.D.N.Y. June 11, 2026) ........................ 6
*DeMartine v. New York State Dep't of Taxation and Fin.*,
No. 22-720, 2023 WL 2563967 (2d Cir. Mar. 20, 2023) ........................................................ 6
*Dusenbery v. United States*,
534 U.S. 161 (2002) ...............................................................................................................7-8
*Hoffenberg v. Commissioner*,
905 F.2d 665 (2d Cir. 1990) ...................................................................................................... 8
*In re Motors Liquidation Co.*,
563 B.R. 498 (Bankr. S.D.N.Y. 2016)...................................................................................... 7
*Khotovitskaya v. Shimunov*,
723 F. Supp. 3d 235 (E.D.N.Y. 2024) ...................................................................................... 6
*Latif v. Obama*,
677 F.3d 1175 (D.C. Cir. 2011)................................................................................................ 6
*Lutheran Medical Center v. Thompson*,
No. 02-cv-6144, 2006 WL 2853870 (E.D.N.Y. Oct. 2, 2006) ................................................ 1
*Nat. Res. Def. Council v. EPA*,
808 F. 3d 556 (2015) ................................................................................................................ 2
*Nat'l Audubon Soc'y v. Hoffman*,
132 F. 3d 7 (2d Cir. 1997) ........................................................................................................ 1
*PacifiCorp & Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*,
No. 05-cv-764, 2006 WL 2375371 (D. Del. Aug. 16, 2006).................................................... 7
*Peters v. National Railroad Passenger Corp.*,
966 F. 2d 1483 (D.C. Cir. 1992) ............................................................................................... 7
*U.S. Postal Serv. v. Gregory*,
534 U.S. 1 (2001)...................................................................................................................... 6
*United States v. Chem Found*,
272 U.S. 1 (1926)................................................................................................................. 6, 7

Statutes

5 U.S.C. § 706(A)(2) ................................................................................................................... 2
22 U.S.C. § 2671(b)(2)(B)............................................................................................................. 2

Regulations

22 C.F.R. § 34.9 ................................................................................................................. 4, 5, 8
22 C.F.R. § 34.9(b)............................................................................................................... 4, 5, 6
22 C.F.R. § 51.60(a) ..................................................................................................................... 2
22 C.F.R. § 51.60(a)(1) ............................................................................................................ 1, 2

22 C.F.R. § 51.60(c) ........ 3
22 C.F.R. § 51.60(c)(2) ........ 2
22 C.F.R. § 51.70(a) ........ 3, 4

Defendant the United States Department of State ("State Department"), by its attorney James M. McDonald, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to Plaintiff's cross-motion for summary judgment and in further support of its motion for summary judgment on the denial of Plaintiff 's application for a new passport.

## ARGUMENT

### I. The State Department's Denial of Plaintiff's Passport Application Withstands APA Review

Summary judgment should be granted to the State Department on its decision to deny Plaintiff's passport application because the record evidence shows Plaintiff defaulted on the loan, and the decision to deny the passport application was in accord with the regulation precluding the State Department from issuing a passport to an applicant in default on a repatriation loan. *See* 22 C.F.R. § 51.60(a)(1). The record makes clear that on January 3, 2024, the Accounts Receivable Branch of the State Department ("ARB") confirmed to the State Department's Western Passport Center, the State Department Office processing Plaintiff's passport application, that Plaintiff had a balance of $6,011.09 on this Repatriation Loan Debt, and that Plaintiff had not made any payments to date. CAR 52.[1] By this time, payment had been due for more than three months.

[1] This Court's consideration of the State Department's denial of his passport application is limited to the certified administrative record ("CAR") filed in this case. *Nat'l Audubon Soc'y v. Hoffman*, 132 F. 3d 7, 14 (2d Cir. 1997) ("Generally, a court review of an agency action is confined to the administrative record compiled by the agency when it made the decision."); *see also Lutheran Medical Center v. Thompson*, No. 02-cv-6144, 2006 WL 2853870, at *3 (E.D.N.Y. Oct. 2, 2006) ("the Court is limited to reviewing the agency's decision and the record on which it was based") (citing 5 U.S.C. 706(2)(E)). The Court should therefore disregard as irrelevant to this case Plaintiff's extensive cites to the CAR filed in the related case *Wiese v. State Department, et al.*, No. 26-cv-4422 (S.D.N.Y.) (LJL), concerning his separate challenges to the repatriation loan and the State Department's collection activities (*see* Plaintiff's Memorandum of Law in Opposition to Defendant's motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment ("Pl. Br.") *passim*.

CAR 12 (promissory note signed December 27, 2022, stating that repayment was due within 30 days of initial billing); CAR 46 (initial billing notice issued on September 27, 2023, demanding payment in full by October 27, 2023). Under the State Department regulations, 22 C.F.R. § 51.60(a)(1), "[t]he State Department may not issue a passport, except for direct return to the United States, in any case in which the Department determines or is informed by competent authority that: (1) the applicant is in default on a loan received from the United States under 22 U.S.C. § 2671(b)(2)(B) for the repatriation of the applicant… The State Department's decision is therefore supported by the record evidence of Plaintiff's default on the Repatriation Loan, is in accord with applicable law, and it is not arbitrary or capricious. Summary judgment should therefore be granted to the State Department. 5 U.S.C. § 706(A)(2); *see also Nat. Res. Def. Council v. EPA*, 808 F. 3d 556, 569 (2015) (the Court must uphold the challenged decision if it is "satisfied from the record that the agency examined the relevant data and articulated a satisfactory explanation for its action") (internal quotation marks and citations omitted).

Plaintiff asserts that the State Department acted arbitrarily and capriciously when it denied his passport application on October 18, 2024 by invoking the regulation governing default on the loan, 22 C.F.R. § 51.60(a), rather than the regulation governing non-payment on the loan, 22 C.F.R. § 51.60(c)(2), that was cited in the January 3, July 3, and August 9, 2024 letters that informed Plaintiff of his delinquency and declined to process the application. (Pl. Br. 17, 19-20). *Compare* CAR 64 (denying passport application because of default) *with* CAR 53, 56, 59 (declining to process the passport application because of non-payment). The State Department's willingness to provide Plaintiff with numerous opportunities to pay his outstanding debt over nearly one year by re-issuing its initial notice letter in response to his multiple changes of address refutes Plaintiff's claim that the agency's denial was arbitrary or capricious. Each interim letter

informed Plaintiff that if he did not make payment arrangements within 90 days, his passport application would be denied. CAR 53, 56, 59. The State Department finally denied the passport application after Plaintiff made clear in writing on October 9, 2024, that he did not intend to repay the loan. CAR 61-63. The denial therefore was not arbitrary or capricious, because (i) Plaintiff was on notice that if he did not make arrangements to repay the loan, his passport application would be denied, and (ii) Plaintiff was subsequently notified in writing that his passport had been denied because he was in default on his loan.

Nor did the State Department act arbitrarily or capriciously by cutting short its final extension of 90 days to make payment arrangements, as provided in the August 9, 2024 letter (CAR 59, 64), because in response to that letter Plaintiff made clear on October 9, 2024, that he did not intend to repay the loan. CAR 61-63. Instead, Plaintiff denied the existence of a loan, claiming that was deported from Belarus because the KGB planned to send him to the United States; that there was a KGB "special operation" held in secret (seemingly related to his repatriation); and that he "used only money for deportation from [the] Internal Ministry of Belarus . . . ." CAR 61-62. Plaintiff cannot demonstrate that he suffered any harm from the State Department's October 18, 2024 decision to deny his passport application, less than 90 days after it issued its final August 9, 2024 repayment notice, because he had been in default since October 27, 2023, and the denial could have issued as early as January 2024, when the ARB confirmed his default to the passport office.

Plaintiff also argues that the State Department erred in issuing the final determination letter before 90 days expired because it effectively cut off his opportunity to request a hearing on the August 9, 2024 notice under 22 C.F.R. § 51.70(a). Pl. Br. 20. That argument, however, lacks merit. The regulation provides that a person whose passport *has been denied* under 22 C.F.R. §

51.60(c) for non-payment may request a hearing to review the basis of the denial if the request is received within 60 days of receipt of the denial. 22 C.F.R. § 51.70(a) (emphasis added). However, the State Department did not deny Plaintiff's passport application on August 9, 2024, but informed Plaintiff that it was unable to finish processing his application because he owed a loan balance on an existing repatriation loan. CAR 59.

Plaintiff further asserts that his October 9, 2024 letter, in response to the State Department's August 9, 2024 letter, was sufficient to invoke an internal administrative review of the existence and cost of the loan under 22 C.F.R. § 34.9. *See* Pl. Br. 20. However, Plaintiff is mistaken because the deadline for submitting the request for internal review of the loan had long since passed and the October 9 letter was not directed to the correct State Department contact. Under 22 C.F.R. § 34.9, a debtor requesting an internal administrative review of a debt review must do so in writing to the contact office by the payment due stated within the initial notice, or other applicable provision. *Id.* Here, the initial billing notice was issued on September 27, 2023, with a payment due date of October 27, 2023. CAR 47. Accordingly, that request for internal review of loan had to have been made by October 27, 2023. 22 C.F.R. § 34.9(b). The State Department extended Plaintiff's deadline once in the first delinquency notice dated October 30, 2023, CAR 50, but the State Department did not give Plaintiff a further extension of time, as the second delinquency notice dated November 29, 2023, no longer accorded him that opportunity. CAR 51. Accordingly, Plaintiff's deadline to request the internal review process had expired by November 29, 2023, when the second and final delinquency notice had been sent. CAR 51. Moreover, the regulation also provides that the request for internal administrative review had to be made to the office specified in the initial bill and the first delinquency notice, which was the Comptroller via email at DoSDebtReviewsEvacs@state.gov or by mail to Global Financial

Service Center, 2010 Bainbridge Avenue, North Charleston, SC 29405. CAR 47, 50. Therefore, Plaintiff's untimely October 9, 2024 letter to the Western Passport Office, not the designated contact office, was not sufficient to invoke the internal administrative review of his debt under 22 C.F.R. § 34.9.

Plaintiff makes a factually incorrect argument that, only two days after he signed the Repatriation Loan application, the State Department made an erroneous final agency determination on December 29, 2022 that he had defaulted on the loan. Pl. Br. 17-18. Plaintiff appears to surmise that the "D" lookout code input into the State Department database when the loan application was being submitted for approval (CAR 38) signified "default," *id.*, but that supposition is not supported by the record. The Repatriation Loan Report noted the entry of a "D" lookout code on December 29, 2022, CAR 38, and airline tickets for Plaintiff's return flights were issued the following day, CAR 14, 16. A "D" code merely indicates indebtedness, not default on a loan. Plaintiff is disregarding the fact that once he received the repatriation loan, he was eligible for only a limited validity passport for direct return to the United States until he repaid the loan, and thus it was entirely appropriate for the State Department systems to reflect this ineligibility by means of a CLASS lookout. CAR 38.

Likewise, Plaintiff cites no authority for the proposition that his loan default was cured when the State Department's referred his loan to Treasury for collection. Pl. Br. 19. Under the terms of the promissory note, he agreed to repay the loan within 30 days of the State Department's initial billing notice. CAR 12. Although he was given the option to request an installment payment plan, he failed to do so. CAR 23, 26, 27. Accordingly, the entire amount of the loan is due and until it is paid, Plaintiff remains in default under the terms of the promissory note.

## II. The Promissory Note Establishes Plaintiff's Promise to Repay the Debt

Without basis Plaintiff argues that the promissory note is invalid. Pl. Br. 23. For instance, he claims there is no proof of the note establishing its essential terms. *Id.* (citing *Cap. Source, LLC v. Goldner Cap. Mgmt.*, No. 24-cv-6284 (OEM) (JAM), 2026 WL 1694672, at *6 (E.D.N.Y. June 11, 2026) (citing *inter alia*, *Khotovitskaya v. Shimunov*, 723 F. Supp. 3d 235, 242 (E.D.N.Y. 2024)). However, any challenges Plaintiff has to the validity of the underlying debt, including the promissory note, are unavailing. First, Plaintiff failed to timely avail himself of the opportunity to challenge the existence or validity of the debt. *See supra* Point I, pp. 4-5. Further, even if the Court is inclined to consider Plaintiff's argument, the record evidence plainly establishes the basis for the default. The record contains the promissory note with Plaintiff's signature evidencing his promise to repay, and he presents no evidence that he did not agree to the amount stated in the promissory note. CAR (12). The State Department is entitled to a presumption of regularity and good faith in its decisions. *See U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001). That presumption of regularity attaches to the actions of government agencies, *DeMartine v. New York State Dep't of Taxation and Fin.*, No. 22-720, 2023 WL 2563967, at *2 (2d Cir. Mar. 20, 2023), and to government-produced documents, *Latif v. Obama*, 677 F.3d 1175, 1178 (D.C. Cir. 2011); *see United States v. Chem Found*, 272 U.S. 1, 14-15 (1926) ("the presumption of regularity supports the official acts of public officers, and in the absence[,] of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").

## III. The Notices Did Not Violate Plaintiff's Due Process Rights

Plaintiff's arguments that the billing and delinquency notices violated Plaintiff's Due Process rights under the Fifth Amendment of the U.S. Constitution because he did not receive

them are unavailing. *See* Pl. Br. 21. The notices were not sent to the wrong address as he claims. *Id.* The State Department, as part of issuing Plaintiff's repatriation loan, obtained a verified billing address for Plaintiff at International Social Service, USA/Attn: ISS-USA Case # 42388, 1102 N. Charles Street, Suite 300, Baltimore, MD 21201. CAR 45. In determining whether a piece of mail has been properly directed, courts consider whether a reasonable postal system would still route the piece correctly, by employing a fact-based analysis. *See*, *e.g. In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) (examining manner of in which the piece was addressed); *see also PacifiCorp & Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*, No. 05-cv-764, 2006 WL 2375371, at *8 (D. Del. Aug. 16, 2006) (noting that a correct application "requires an analysis of the specific facts of each case"). Immaterial errors in the address where the address contains every element necessary for the post service to deliver the piece satisfy due process notice requirements. For instance in *Peters v. National Railroad Passenger Corp.*, the D.C. Circuit held that a class-action notice mailed to the street address, but omitting the apartment number and having a minor zip code error, satisfied due process, because due process requires only reasonable efforts, not a guarantee of actual notice. 966 F. 2d 1483, 1486-87 (D.C. Cir. 1992).

Here, the September 27, 2023 billing notice and the two delinquency notices sent on October 30, and November 29, 2023 contained a complete and accurate deliverable address, with Plaintiff's name, the correct street number and name, and the correct suite number, as well as the correct city, state and zip code. CAR 19, 23-27. Accordingly, these properly addressed notices satisfy the State Department's due process requirements by making reasonable effort to deliver the notices to Plaintiff. *Peters*, 966 F. 2d at 486. The omission of the organization name or case number is not fatal. As the Supreme Court held in *Dusenbery v. United States,* once the FBI

properly addressed and sent certified mail to a named individual at a specific institution, its due process obligation was satisfied; the government was not also required to police or verify the institution's internal distribution system to ensure the mail reached the specific unit within the institution. 534 U.S. 161, 17-72 (2002). Likewise, in *Hoffenberg v. Commissioner*, the Second Circuit held that the IRS's erroneous addition of an "in care of" line to an otherwise correct address did not render the notice defective, because postal regulations still called for delivery to the named taxpayer and there was no realistic risk that anyone other than the taxpayer would receive it. 905 F.2d 665, 666-67 (2d Cir. 1990). Here, Plaintiff was identified as the intended recipient and the notices were directed to the specific suite number at the address. Even without the organization name or case number, the address contained sufficient information for the notice to be delivered to Plaintiff. It is significant that in the promissory note, Plaintiff promised to keep ARB informed of his address until he repaid the debt in full, CAR 12, but Plaintiff did not notify ARB of any change in his verified billing address. Accordingly, the notices and delinquency notices satisfied the State Department's obligation to make reasonable efforts to notify Plaintiff of the debt before its collection activities commenced. *Dusenbery*, 534 U.S. at 170-72; *Hoffenberg*, 905 F. 3d at 666-67.

The State Department did not otherwise fail to provide Plaintiff with due process by declining to review Plaintiff's default, under 22 C.F.R. § 34.9, based on Plaintiff's October 9, 2024 letter denying the existence of the loan. *See* Pl. Br. 21-22. As noted, Plaintiff's letter was late and sent to the wrong component of the State Department, and therefore the State Department had no obligation to review the existence or cost of the debt under the procedures set forth in 22 C.F.R. § 34.9. *See supra* Point I.

For these reasons, and those asserted in the State Department's Memorandum of Law in Support of Its Motion for Summary Judgment (ECF No. 347), and its Supplemental Memorandum of Law in Support of its motion for Summary Judgment (ECF No. 70), summary judgment should be granted to the State Department on Plaintiff's APA claim challenging the decision to deny Plaintiff's passport application.

**CONCLUSION**

The Court should grant the government's motion for summary judgment on Plaintiff's remaining APA claim regarding the State Department's denial of his passport application.

Dated: New York, New York
August 18, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York,
*Attorney for Defendant*

By: /s/ Leslie A. Ramirez-Fisher
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-0378
Email: leslie.ramirez-fisher@usdoj.gov

## Certificate of Compliance

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,815.